Dear Mr. McCranie:
As attorney for the Louisiana Motor Vehicle Commission (the "Commission"), you requested the opinion of this office concerning the authority of the Commission to purchase a building. Secondly, if the Commission is so authorized, is the Commission required to follow the capital outlay process set forth in La. R.S. 39:101, et seq.?
The Commission is created pursuant to La. R.S. 32:1251 et seq. La. R.S. 32:1253 sets forth the powers of the Commission and provides in pertinent part as follows:
 "(D) . . . Said commission may employ such clerical and professional help and incur such expenses as may be necessary for the proper discharge of its duties . . .
 (E) The commission is vested with the powers and duties necessary and proper to enable it to fully and effectively carry out the provisions and objects of this Chapter . . .
 (F) All fees and charges authorized under the provisions of this Chapter shall be . . . disbursed . . . at the direction of the commission in administering and enforcing the provisions of this Chapter.
 (G) All expenses incurred by the commission in carrying out the provisions of this Chapter, including but not limited to per diem, wages, salaries, rent, postage, supplies, bond premiums, travel and subsistence, and printing and utilities, shall be a proper charge against said fund.
 (I) The commission shall, in addition to the powers herein conferred, be constituted a body politic or political corporation, invested with the powers inherent in corporations . . ."
Our research does not reveal any statutory authority for the Commission to purchase or acquire immovable property. In order for a state department, agency, board of commission to buy or sell immovable property, it must be specifically authorized to do so by a legislative act and nowhere has the legislature conferred such authority upon the commission. See Op.Atty.Gen. 82-247, a copy of which is attached.
As to your second question, it is the opinion of this office that once the Commission's enabling legislation is amended so as to authorize the Commission to purchase or acquire a building, and assuming that the Commission is able to pay cash for the building, it would be unnecessary for the Commission to go through the capital outlay process in order to purchase or acquire the building.
The Commission is not required to deposit its monies in the state treasury. Article VII, Section 9(A)(2) and Op.Atty.Gen. 78-67(A). The capital outlay procedure in Title 39 sets forth the process to be followed in order for a project to be contained in the capital outlay act, which is an appropriation act. La. R.S.39:112. If the Commission's money is not in the state treasury and thus does not have to be appropriated in order to be spent, the Commission would not need its project to be included in the capital outlay act. If the Commission does not need to be included in the capital outlay act, it would not have to follow the capital outlay process.
It should also be noted that the Commission also does not have the authority to borrow money or incur debt. Without that authority, the Commission could not borrow the purchase price, mortgage the building nor enter into any owner-financed arrangement.
Trusting this adequately responds to your request, I remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: __________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH/jav 3115m